UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEAR SKIES NEVADA, LLC,

Plaintiff,

Case No. 15-13185

vs.

Paul D. Borman
United States District Judge

DOES 1-10,

Defendants.
_______________________________________/

OPINION AND ORDER (1) SEVERING DOE DEFENDANTS 2-10; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DOE DEFENDANTS 2-10; AND (3) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS AS TO DOE DEFENDANT 1 (ECF NO. 2)

On September 9, 2015, Plaintiff Clear Skies Nevada, LLC filed an action against ten Doe Defendants, identified only by their subscriber Internet Protocol addresses ("IP addresses"), alleging that these Doe Defendants unlawfully downloaded and/or shared Plaintiff's copyrighted motion picture "Good Kill" though BitTorrent technology. (ECF No. 1). The same day, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoenas Prior to a Rule 26(f) Conference. (ECF No. 2). In the Motion for Leave to Serve Third-Party Subpoenas, Plaintiff seeks to discover information regarding the ten Doe Defendants' identities through subpoenas to the Internet Service Providers ("ISP") associated with the Doe Defendants' IP addresses.

Federal Rule of Civil Procedure 20(a)(2) allows the joinder of defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV.

P. 20(a)(2). "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich. 2012) (citation omitted), *report and recommendation adopted*, 11-15232, 286 F.R.D. 319, 2012 WL 4498373 (E.D. Mich. Sept. 28, 2012). The remedy for improper joinder is severance under Rule 21, pursuant to which "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

"The transaction or occurrence test of Rule 20(a) 'is similar to the transaction-or[-] occurrence test of Rule 13(a) for compulsory counterclaims, which has been construed as requiring a 'logical relationship' between the claims.'" *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, * 5 (E.D. Mich. Jan 29, 2013) (quoting *In re EMC Corp*., 677 F.3d 1351, 1356 (Fed. Cir. 2012)). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts." *In re EMC Corp*., 667 F.3d at 1356. However, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, 'district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'" *Id*. at 1360 (quoting *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 521 (5th Cir. 2010)).

This Court recently recognized and addressed the split in this district regarding the

treatment of motions seeking leave to serve third-party subpoenas in BitTorrent litigation in advance of a Rule 26 conference in an analogous copyright infringement action. *See Cobbler Nevada, LLC v. Does 1-30*, Case No. 15-12771, ECF No. 4, at *5. The majority of judges in this District find that the joinder of multiple Doe Defendants is permissible and grant the motions seeking leave to serve third-party subpoenas. *See Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759 (E.D. Mich. Jan 29, 2013) (Ludington, J.). Other judges in this District hold that multiple Doe defendants are improperly joined in BitTorrent infringement actions because allegations that the Doe defendants participated in the same BitTorrent "swarm" are not sufficient to plausibly show that the defendants were engaged in the same transaction or occurrence or series of transactions or occurrences under Rule 20(a)(2). *See Patrick Collins, Inc. v. John Does 1-23*, No. 11-15231, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (Steeh, J.); *Cobbler Nevada, LLC v. Does 1-30*, No. 15-12781, ECF No. 2, at * 2 (citation omitted) (Tarnow, J.).

For the reasons articulated in this Court's opinion and order in an analogous copyright infringement action involving Bit Torrent technology, this Court finds that Defendants' alleged participation in a single swarm as alleged in the complaint is insufficient to satisfy Rule 20(a)(2)'s transaction and occurrence requirement. *See Nevada, LLC v. Does 1-30*, Case No. 15-12771, ECF No. 4; *see also Patrick Collins*, No. 11-15231, 2012 WL 1019034, *4-5; *Cobbler Nevada LLC v. Does 1-30*, No. 15-12781, at *2-4 (Order Severing Doe Defendants). In short, the Court concludes that Plaintiff has failed to satisfy Rule 20(a)(2) because Plaintiff's allegations cannot suffice to show a logical relationship between the defendants because it is possible that any one defendant's activity did not actually affect or pave the way for a later

defendant to download the copyrighted work. *See Cobbler Nevada*, No. 15-12781, ECF No. 2, at 3 (Tarnow, J.); *see also* Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 295-96 (2012) (setting forth examples of "swarm" behavior).

Thus, Plaintiff's allegations merely evidence that the defendants all used the same file sharing network to commit infringement of the same copyrighted work and such claims are analogous to the previous P2P actions where courts found such allegations insufficient to sustain permissive joinder. Additionally, the Court finds that the very nature of a BitTorrent infringement will "inevitably produce[] varying defenses that require severance." *Patrick Collins*, No. 11-15231, 2012 WL 1019034, at * 5. Therefore, the Court will SEVER Doe Defendants 2-10 from the present action pursuant to Rule 21 and DISMISS Plaintiff's claims against Doe Defendants 2-10 without prejudice.

The Court will also grant in part Plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference. The Court finds that Plaintiff has shown good cause for early discovery as to Doe Defendant 1 by stating a plausible claim for copyright infringement and specifically identifying the discovery sought. Further, the Court finds that Doe Defendant 1 does not have a reasonable expectation of privacy in his or her internet subscriber information. *See Safety Point Prods., LLC v. Does 1-57*, No. 3:12-cv-601, 2013 WL 1398585, *2 (E.D. Tenn. Apr. 5, 2013) (noting that "federal courts have consistently held that internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including their name and address – as they have already conveyed such information to their ISPs."). The Court also finds that the information sought by Plaintiff is necessary to prosecute the Plaintiff's claim and

otherwise unavailable. Additionally, the information is narrowly tailored such that:

(1) Plaintiff shall attach a copy of this Order to the subpoena it issues to Doe Defendant 1's ISP;

(2) Plaintiff's subpoena to the ISP may seek only the following information regarding Doe Defendant 1:

(A) Full name, and

(B) Residential address.

(3) Within seven (7) days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject Doe Defendant subscriber and provide him or her with a copy of the subpoena and this Order.

(4) The ISP shall have twenty-one (21) days from the service of the subpoena to quash or otherwise object to the subpoena. Defendant Doe 1 shall have fourteen (14) days from the receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. If no motion to quash is filed by either the ISP or Doe Defendant 1 within the time periods prescribed herein, the ISP shall produce to Plaintiff the information identified in Paragraphs 2(A) and (B) above.

## IV. CONCLUSION

For the reasons set forth above, the Court SEVERS Doe Defendants 2-10 from the present action and DISMISSES WITHOUT PREJUDICE Plaintiff's claims against Doe Defendants 2-10. The Court also GRANTS IN PART Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference as to Doe Defendant 1 (ECF No. 2).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 30, 2015.

s/Deborah Tofil
Case Manager